Kathleen L. DeSoto
Peter J. Arant
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT 59807-7909
Telephone (406) 523-2500
Telefax (406) 523-2595
kldesoto@garlington.com
pjarant@garlington.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| SHAELA EVENSON,<br><br>Plaintiff,<br><br>v.<br><br>BUTTE CENTRAL CATHOLIC SCHOOLS, & ROMAN CATHOLIC BISHOP OF HELENA, MONTANA, a Montana Religious Corporation Sole (Diocese of Helena),<br><br>Defendants. | CV 14-55-BU-DWM-JCL<br><br><br>DEFENDANTS' ANSWER AND DEMAND FOR JURY TRIAL |
|---|---|

Defendants Butte Central Catholic Schools ("BCCS") and the Roman Catholic Bishop of Helena, Montana, a Montana Religious Corporation Sole (Diocese of Helena) ("the Diocese"), (collectively "Defendants"), respectfully answer Plaintiff Shaela Evenson's First Amended Complaint and Demand for Jury Trial as follows:

//

## FIRST DEFENSE

1. The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

2. Answering Paragraph 1, Defendants admit the same.

3. Answering Paragraph 2, Defendants admit the same.

4. Answering Paragraph 3, Defendants admit the same.

5. Answering Paragraph 4, Defendants admit the same.

6. Answering Paragraph 5, Defendants admit the same.

7. Answering Paragraph 6, Defendants admit the same.

8. Answering Paragraph 7, Defendants admit the same.

9. Answering Paragraph 8, Defendants admit the same.

10. Answering Paragraph 9, Defendants admit BCCS, operating under the authority of the Diocese, hired Ms. Evenson as a Catholic School Lay Teacher on July 18, 2005.

11. Answering Paragraph 10, Defendants admit the terms and conditions of Ms. Evenson's employment as a teacher as BCCS were described in the employment agreements which could be renewed yearly upon mutual agreement by the parties. Defendants further aver that the policies, rules and regulations set forth in the Diocesan and BCCS policy handbooks.

12. Answering Paragraph 11, Defendants admit BCCS and Ms. Evenson agreed to renew her one year employment agreement with BCCS on July 25, 2013.

13. Answering Paragraph 12, Defendants admit BCCS is a Diocesan entity and operates under the authority of the Diocese.

14. Answering Paragraph 13, Defendants admit the Diocese administers benefits and salaries, is involved in termination of BCCS employees when applicable, and promulgates some rules and conditions of employment, but denies that the Diocese hires and directly supervises BCCS employees. Defendants admit there is some interrelation of operations, finance and management and lacks sufficient knowledge of "labor relations" and so denies the same.

15. Answering Paragraph 14, Defendants admits the same and further avers that Ms. Evenson had general supervision duties over students, including homeroom activities.

16. Answering Paragraph 15, Defendants admit the same.

17. Answering Paragraph 16, Defendants admit that Ms. Evenson was not assigned to teach religion courses and held no ordination within the Catholic Church, and denies the remaining allegations.

18. Answering Paragraph 17, Defendants admit the same.

19. Answering Paragraph 18, Defendants admit the same upon information and belief.

20. Answering Paragraph 19, Defendants admit that Principal Hellyer approached Ms. Evenson in the late fall of 2013, asked if she was pregnant, and Ms. Evenson confirmed that she was. Ms. Evenson further confirmed that she understood she was in violation of her employment agreement. Defendants lack specific knowledge of what Ms. Hellyer said to Ms. Evenson, but admit upon information and belief that Ms. Hellyer acknowledged the pregnancy.

21. Answering Paragraph 20, Defendants admit the first time the Diocese had knowledge of Ms. Evenson's pregnancy was on January 3, 2014, when the Superintendent of Schools, Patrick Haggarty, received an anonymous letter stating that Ms. Evenson was pregnant and not married. Mr. Haggarty contacted Ms. Hellyer, who confirmed those facts.

22. Answering Paragraph 21, Defendants admit that Mr. Haggarty, Ms. Hellyer and Ms. Evenson met on January 9, 2014 to discuss the anonymous letter and the terms and conditions of Ms. Evenson's employment at BCCS. Defendants further admit that Mr. Haggarty stated, and Ms. Evenson acknowledged, that she was in violation of her employment contract because her pregnancy out of wedlock was in violation of Catholic Church doctrine and religious and moral teachings.

23. Answering Paragraph 22, Defendants admit that, during the January 9, 2014 meeting, Mr. Haggarty told Ms. Evenson that she could resign and receive a

severance package. Ms. Evenson asked for additional time to consider the offer and did not sign a resignation at that time.

24. Answering Paragraph 23, Defendants admit that Mr. Haggarty continued to communicate with Ms. Evenson and allowed her additional time to consider the offer, and that Ms. Evenson again declined to resign her position at BCCS.

25. Answering Paragraph 24, Defendants admit that Mr. Haggarty sent Ms. Evenson a letter on January 12, 2014, notifying her that her employment with BCCS was being terminated because she violated the terms of the employment contract with BCCS. Defendants admit that the letter listed contractual language governing her employment, and additionally stated "As a teacher in a Catholic school, having a child out of wedlock is considered 'at variance with or contrary to polices [sic] of the School and the Diocese and the moral and religious teachings of the Roman Catholic Church.', and that it further stated "[u]nder the terms of your contract these are sufficient grounds and just cause for immediate discharge."

26. Answering Paragraph 25, Defendants deny the same.

27. Answering Paragraph 26, Defendants deny the same.

28. Answering Paragraph 27, Defendants re-allege and incorporate the responses in Paragraphs 1-27 as if fully set forth herein.

29. Answering Paragraph 28, Defendants admit the same.

30. Answering Paragraph 29, Defendants admit the same.

31. Answering Paragraph 30, Defendants admit the same.

32. Answering Paragraph 31, Defendants admit that Ms. Evenson was terminated as a result of violating the terms of her employment contract.

33. Answering Paragraph 32, Defendants admit that there is a nexus between Ms. Evenson's pregnancy and her termination from employment but deny that such termination was discriminatory as she is a ministerial employee and as such her employment is exempt from Title VII.

34. Answering Paragraph 33, Defendants deny the same.

35. Answering Paragraph 34, Defendants re-allege and incorporate the responses in Paragraphs 1-34 as if fully set forth herein.

36. Answering Paragraph 35, Defendants admit Ms. Evenson was terminated for violating her employment agreement, which required abiding by the moral and religious teaching of the Roman Catholic Church and prohibiting personal conduct or lifestyles at variance with, or contrary to, those teachings. Defendants further admit that pregnancy outside of wedlock is at variance with the teachings of the Catholic Church.

37. Answering Paragraph 36, Defendants deny that they "investigate" any employees for compliance with the teaching of the Roman Catholic Church and further deny that they enforce compliance only in relation to unmarried women.

38. Answering Paragraph 37, Defendants deny the same.

39. Answering Paragraph 38, Defendants deny the same.

40. Answering Paragraph 39, Defendants re-allege and incorporate the responses in Paragraphs 1-39 as if fully set forth herein.

41. Answering Paragraph 40, Defendants admit Ms. Evenson entered a one year contract with BCCS for the 2013-2014 school year.

42. Answering Paragraph 41, Defendants deny the same.

43. Answering Paragraph 42, Defendants deny the same.

44. Answering Paragraph 43, Defendants deny the same.

45. Answering Paragraph 44, Defendants re-allege and incorporate the responses in Paragraphs 1-44 as if fully set forth herein.

46. Answering Paragraph 45, Defendants admit Ms. Evenson entered a one year contract with BCCS for the 2013-2014 school year.

47. Answering Paragraph 46, Defendants deny the same.

48. Answering Paragraph 47, Defendants deny the same.

49. Answering Paragraph 48, Defendants deny the same.

50. Answering Paragraph 49, Defendants deny the same.

51. Answering Paragraph 50, Defendants deny the same.

52. Answering Paragraph 51, Defendants deny the same.

53. Defendants deny each and every allegation not specifically admitted herein.

FIRST AFFIRMATIVE DEFENSE

54. Ms. Evenson breached the terms of her contract.

SECOND AFFIRMATIVE DEFENSE

55. The ministerial exception to Title VII applies to Ms. Evenson's employment with BCCS.

THIRD AFFIRMATIVE DEFENSE

56. As a contractual employee, Ms. Evenson was not in a special relationship with BCCS or the Diocese.

FOURTH AFFIRMATIVE DEFENSE

57. Ms. Evenson has an obligation to mitigate her damages.

WHEREFORE, Defendants BCCS and the Diocese request that Plaintiff Shaela Evenson take nothing by way of her First Amended Complaint and that BCCS and the Diocese recover the costs of suit expended herein, as well as any other relief the Court deems appropriate.

DEMAND FOR JURY TRIAL

Defendants BCCS and the Diocese hereby demand a jury trial on all issues so triable.

//

DATED this 11th day of May, 2015.

                    /s/ Kathleen L. DeSoto
                    Attorneys for Defendants